1    Ben F. Pierce Gore (SBN 128515)
     PRATT & ASSOCIATES
2    1871 The Alameda
     Suite 425
3    San Jose, CA 95126
     (408) 429-6506
4    pgore@prattattorneys.com

5    Charles Barrett
     CHARLES BARRETT, P.C.
6    6518 Highway 100
     Suite 210
7    Nashville, TN 37205
     (615) 515-3393
8    charles@cfbfirm.com

9    *Attorneys for Plaintiff*

10

11                   UNITED STATES DISTRICT COURT

12                 NORTHERN DISTRICT OF CALIFORNIA

13                        SAN JOSE DIVISION

14

15   MARIANNA BELLI, individually and on          Case No. 5:14-cv-286
     behalf of all others similarly situated,
16                                                Related to: 12-cv-02272 (PSG)
                     Plaintiff,
17
     v.
18                                                **CLASS ACTION AND
                                                 REPRESENTATIVE ACTION
     NESTLÉ USA, INC.,                           COMPLAINT FOR EQUITABLE
19                                               AND INJUNCTIVE RELIEF**
                     Defendant.
20
                                                 **JURY TRIAL DEMANDED**
21

22

23

24

25

26

27

28

Plaintiff, through her undersigned attorneys, brings this lawsuit against Defendant Nestlé USA, Inc. ("Defendant" or "Nestlé") as to her own acts upon personal knowledge and as to all other matters upon information and belief.

## DEFINITIONS

1.      "Class Period" is May 4, 2008 to the present.

2.      "Fruit Bars" are Defendant's Dreyer's and Edy's brand "All Natural" Fruit Bars in the following flavors: Strawberry, Lemonade, Lime, Coconut, Grape, Tangerine, Blueberry Acai, Pomegranate.

3.      A picture of Fruit Bars purchased by Plaintiff is included below as Exhibit 1 and specific descriptions of the relevant label representations are included below.

4.      All flavors of Fruit Bars make the exact same label "All Natural" label representation, violate the exact same regulations and are misleading in the same manner as described herein, and are essentially the exact same product, except for flavor.

5.      Plaintiff reserves the right to supplement this list if evidence is adduced during discovery to show that other flavors of Defendant's Fruit Bars existed during the Class Period which had labels which violate the same provisions of the Sherman Law and have the same label representation, "All Natural."

## SUMMARY OF THE CASE

6.      Plaintiff's case has two distinct facets. First, the "misbranding" part. This case seeks to recover for the injuries suffered by the Plaintiff and the class as a direct result of the Defendant's unlawful sale of misbranded food products. Defendant packaged and labeled its Fruit Bars in violation of California's Sherman Law which adopts, incorporates, and is, in all relevant aspects, identical to the federal Food Drug & Cosmetic Act, 21 U.S.C. § 301 *et seq.* ("FDCA") and the regulations adopted pursuant to that act. These violations render Defendant's food products "misbranded." Defendant's actions violate the unlawful prong of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 ("UCL") and the Consumers Legal Remedies Act, Cal. Civ. Code §1750 ("CLRA").

7.      Under California law, misbranded food products cannot be legally sold or possessed, have no economic value and are legally worthless.  Indeed, the sale or possession of misbranded food products is a criminal act in California.

8.      By selling such illegal products to the unsuspecting Plaintiff, the Defendant profited at the Plaintiff's expense and unlawfully deprived Plaintiff of the money she paid to purchase food products that were illegal to sell, possess or resell and had no economic value.

9.      The unlawful sale of a misbranded product that was illegal to sell or possess gives rise to causes of action under the UCL and CLRA.  In the present case, Plaintiff was injured by the Defendant's illegal sale of its misbranded Fruit Bars. Plaintiff paid money to purchase illegal products that were worthless and could not be legally sold or possessed.

10.     Plaintiff was unwittingly placed in a worse legal situation as a result of Defendant's unlawful sale of illegal products to them. Plaintiff would not have purchased Defendant's Fruit Bars had she known that the product was illegal and could not be lawfully possessed. No reasonable consumer would purchase such a product. The class suffered the same injuries as Plaintiff due to the class' purchase of Fruit Bars.

11.     Defendant has violated the Sherman Law § 110760, which makes it unlawful for any person to manufacture, sell, deliver, hold or offer for sale any food that is misbranded. As discussed below, the illegal sale of a misbranded product to a consumer results in an independent violation of the unlawful prong of the UCL and CLRA that is separate and apart from the underlying unlawful labeling practice that resulted in the product being misbranded.  Plaintiff reasonably relied on the fact that the Defendant's Fruit Bars were legal to sell and possess and that Defendants' labeling and label claims were legal.

12.     Due to Defendant's misbranding and sale of Fruit Bars and Plaintiff's reliance on the Defendants' labels, Plaintiff lost money by purchasing unlawful products.

13.     Second, the "misleading" part. In addition to being misbranded under the Sherman Law, Fruit Bars has label statements that are misleading, deceptive and fraudulent.  The label statement is "*All Natural.*"

14.     Prior to purchase, Plaintiff reviewed the illegal "All Natural" statement on the labels of Fruit Bars she purchased, reasonably relied, in substantial part, on this misleading statement, and was thereby misled in deciding to buy Fruit Bars.  Plaintiff was deceived into purchasing Fruit Bars in substantial part because of these label statements and because of these statements believed that Fruit Bars were healthier than other similar products and/or healthier than Fruit Bars without the statement.

15.     Defendant also misled Plaintiff to believe that Fruit Bars were legal to purchase and possess. Had Plaintiff known that Fruit Bars were misbranded she would not have bought Defendant's Fruit Bars. Plaintiff relied (a) on the Defendant's explicit representations that its product had "All Natural" and was thus healthier than other similar products lacking such statements and/or Fruit Bars without such a statement, and (b) the Defendant's implicit representation based on Defendant's material omission of material facts that Fruit Bars were legal to sell and possess.

16.     Reasonable consumers would be, and were, misled in the same manner as Plaintiff.

17.     Defendant had a duty to disclose the illegality of its misbranded products because (a) it had exclusive knowledge of material facts not known or reasonably accessible to the Plaintiff; and (b) the Defendant actively concealed a material fact from the Plaintiff. The Defendant had a duty to disclose the information required by the labeling laws discussed herein because of the disclosure requirements contained in those laws and because in making its "All Natural" claim made partial representations that are misleading because other material facts have not been disclosed.

## PARTIES, JURISDICTION AND VENUE

18.     Plaintiff is a resident of San Jose, California who purchased Defendant's Fruit Bars during the Class Period.  A copy of a label purchased by Plaintiff is attached as Exhibit 1. Plaintiff purchased Dreyer's "All Natural" Fruit Bars (Strawberry) in the Class Period.

19.     Defendant Nestlé USA, Inc. is a privately held Delaware corporation with its corporate headquarters and principal place of business in Glendale, California.  Nestlé USA, Inc.

sells products under various brand names including Dreyer's and Edy's brand products.  Nestlé USA, Inc. completely controls its subsidiary companies it uses to distribute and market Fruit Bars in the western United States, Dreyer's Grand Ice Cream, Inc. and the eastern United States, Edy's Grand Ice Cream  For example, as of this filing, Dreyer's website, www.dreyers.com states, "Thank you for visiting a Nestlé's USA ("Nestlé") website" and "This Site belongs to Nestlé."

20.     Defendant is a leading producer of retail food products, including Fruit Bars. It sells its food products to consumers through grocery and other retail stores throughout California and the United States.

21.     California law applies to all claims set forth in this complaint because Nestlé is a California resident and all of the misconduct alleged herein was contrived in, implemented in, and has a shared nexus with California.  The formulation and execution of the unlawful and misleading practices alleged herein, occurred in, or emanated from California.  Accordingly, California has significant contacts and/or a significant aggregation of contacts with the claims asserted by Plaintiff and all class members.

22.     This Court has original jurisdiction over this action under 28 U.S.C. § 1332(d) because this is a class action in which:  (1) there are over 100 members in the proposed class; (2) members of the proposed class have a different citizenship from Defendant; and (3) the claims of the proposed class members exceed $5,000,000 in the aggregate.

23.     This Court has jurisdiction over all claims alleged herein pursuant to 28 U.S.C. § 1332, because the matter in controversy exceeds the sum or value of $75,000, and is between citizens of different states.

24.     This Court has personal jurisdiction over Defendant because: (i) a substantial portion of the wrongdoing alleged in this Complaint occurred in California, (ii) Defendant is authorized to do business in California, (iii) Defendant has sufficient minimum contacts with California, and (iv) Defendant otherwise intentionally availed itself of the markets in California through the promotion, marketing and sale of merchandise, sufficient to render the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

25.    Because a substantial part of the events or omissions giving rise to these claims occurred in this district and because this Court has personal jurisdiction over Defendant, venue is proper in this Court pursuant to 28 U.S.C. § 1391(a) and (b).

## BACKGROUND

### A.    Identical California and Federal Law Regulate Food Labeling

26.    Food manufacturers are required to comply with identical state and federal laws and regulations that govern the labeling of food products.  First and foremost among these is the FDCA and its labeling regulations, including those set forth in 21 C.F.R. § 101.

27.    Pursuant to the Sherman Law, California has expressly adopted the federal labeling requirements as its own and indicated that "[a]ll food labeling regulations and any amendments to those regulations adopted pursuant to the federal act, in effect on January 1, 1993, or adopted on or after that date shall be the food regulations of this state."  California Health & Safety Code § 110100.

28.    Under both the Sherman Law and FDCA Section 403(a), food is "misbranded" if "its labeling is false or misleading in any particular," or if it does not contain certain information on its label or its labeling. Cal. Health & Safety Law §§ 110660, 110705; 21 U.S.C. § 343.

29.    In addition to its blanket adoption of federal labeling requirements, California has also enacted a number of laws and regulations that adopt and incorporate specific enumerated federal food laws and regulations.  As described herein, Defendant has violated the following Sherman Law sections:  California Health & Safety Code § 110390 (unlawful to disseminate false or misleading food advertisements that include statements on products and product packaging or labeling or any other medium used to directly or indirectly induce the purchase of a food product); California Health & Safety Code § 110395 (unlawful to manufacture, sell, deliver, hold or offer to sell any falsely advertised food); California Health & Safety Code §§ 110398 and 110400 (unlawful to advertise misbranded food or to deliver or proffer for delivery any food that has been falsely advertised); California Health & Safety Code § 110660 (misbranded if label is false and misleading); California Health & Safety Code § 110665 (misbranded if label fails to

conform to the requirements set forth in 21 U.S.C. § 343(q)); California Health & Safety Code § 110670 (misbranded if label fails to conform with the requirements of 21 U.S.C. § 343(r)); California Health & Safety Code § 110705 (misbranded if words, statements and other information required by the Sherman Law are either missing or not sufficiently conspicuous); California Health & Safety Code § 110765 (which makes it unlawful for any person to misbrand any food); California Health & Safety Code § 110770 (unlawful for any person to receive in commerce any food that is misbranded or to deliver or proffer for delivery any such food).

30.     Plaintiff's claims are brought for violation of the Sherman Law.

**B.     FDA Enforcement History**

31.     In recent years the FDA has become increasingly concerned that food manufacturers have been disregarding food labeling regulations. To address this concern, the FDA elected to take steps. In October 2009, the FDA issued a *Guidance for Industry: Letter regarding Point Of Purchase Food Labeling* and on March 3, 2010 the FDA issued "*Open Letter to Industry from [FDA Commissioner] Dr. Hamburg*" to inform the food industry of its concerns and to place the industry on notice that food labeling compliance was an area of enforcement priority. Additionally, the FDA has sent warning letters to the industry, including many of Defendant's peer food manufacturers as well as a December 4, 2009 Warning Letter to Nestle, Inc., for some of the same types of misbranded labels and deceptive labeling claims described herein.

32.     Defendant did see, or should have seen, these warnings. Defendant did not change its labels in response to any warning letters.

**SHERMAN LAW VIOLATIONS AND FRUIT BARS**

**A.     Fruit Bars Are Misbranded Under the Sherman Law**

33.     The label on the package of Defendant's Fruit Bars violates the Sherman Law and is therefore misbranded.

34.     The label on the package of Fruit Bars purchased by Plaintiff states "All Natural." All packages of Fruit Bars sold in the Class Period have the same "All Natural" statement.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

35.     The label of Defendant's Fruit Bars states on the front panel that the product is "all natural" but the label on the back panel also states the product contains the following artificial ingredients:  beet juice extract (color), turmetic color, ascorbic acid, and citric acid.

36.     Defendant sold its Fruit Bars even though the labels represented this product: (i) as "all natural" when it actually contains artificial ingredients such as citric acid or ascorbic acid used to preserve food and/or impart tart flavor to products that lack such flavor naturally and (ii) as "all natural" when it contained color additives such as beet juice.

37.     All Fruit Bar flavors have the "All Natural" statement and contain beet juice extract (color), turmetic color, ascorbic acid, and/or citric acid.

38.     Defendant's violations of the Sherman Law include Defendant's illegal labeling practices which misbrand the Fruit Bars as well as the illegal advertising, marketing, distribution, delivery and sale of Defendant's misbranded Fruit Bars to consumers in California and throughout the United States.

39.     As a result, consumers, including Plaintiff and the Class, bought products that fail to comply with the mandatory labeling requirements and standards established by law such that the products are misbranded and rendered unfit for sale.

40.     Plaintiff and the Class have been damaged by Defendant's illegal conduct in that she purchased misbranded and worthless products that were illegal to sell or possess based on Defendant's illegal labeling of the products and otherwise lost money.

41.     Plaintiff reasonably relied on the omission of fact/misrepresentation that Defendant's Fruit Bars were not misbranded under the Sherman Law and were therefore legal to buy and possess. Plaintiff would not have purchased Fruit Bars had she known she were illegal to purchase and possess.

42.     Defendant's Fruit Bars is misbranded under Sherman Law § 110660, Sherman Law § 110670 and Sherman Law § 110705. Defendant's act of selling a misbranded product violates Sherman Law § 110760 which prohibits the sale or possession of misbranded products.

43.     Defendant's sale of misbranded Fruit Bars results in an independent violation of the unlawful prong that is separate from the labeling violation. Plaintiff has two distinct claims under the unlawful prong. The first arises from Defendant's unlawful "All Natural" label statement on its Fruit Bars. The second is when Plaintiff relied on this claim to her detriment when purchasing Defendant's Fruit Bars. Plaintiff was injured and has a claim arising from the purchase of a product in reliance on the illegal "All Natural" labeling claims made by Defendant. Plaintiff has been deprived of money in an illegal sale and given a worthless illegal product in return. In addition, due to the law's prohibition of possession of such a product, Plaintiffs has been unwittingly placed by the Defendant's conduct in a legal position that no reasonable consumer would agree to be placed.

**B.     The "All Natural" Label Statement on Fruit Bars Is Misleading and Deceptive**

44.     Plaintiff also read and relied upon Defendant's front of package "All Natural" label statement on Fruit Bars, and Plaintiff was thus deceived.

45.     Defendant's conduct misled Plaintiff because, with Defendant failing to adequately disclose the presence of artificial ingredients and added coloring, Plaintiff was misled into believing Defendant's product to be a healthier choice than other similar products and/or Fruit Bars without such a statement. Plaintiff is conscious of the healthiness of the products she purchases, and Defendant's misleading "All Natural" statement deprived Plaintiff of her ability to take into account those foods' contributions, or not, to Plaintiff's total dietary composition. Defendant concealed the deleterious attributes of its food, and Plaintiff was misled and deceived, both by Defendant's statements of the healthy attributes ("All Natural") and failure to adequately disclose the added artificial ingredients and added coloring. Plaintiff was misled by the Defendant's unlawfully prominent display of the ostensible good traits of its product and unlawful failure to disclose the bad.

46.     Plaintiff reasonably relied on the "All Natural" label representation when making her purchase decisions and was misled by the "All Natural" representations as described below.

47.     Plaintiff would not have purchased Fruit Bars had she known the truth about these products, i.e. that the products were not truly "all natural." Plaintiff had other food alternatives that satisfied such standards and Plaintiff also had cheaper alternatives.  Reasonable consumers would have been misled in the same identical manner as Plaintiff.

48.     Plaintiff and the class would not have purchased the Fruit Bars had she not been misled by Defendant's unlawful "All Natural" claims and been properly informed by Defendant of the added artificial ingredients and added coloring in those products, and had she otherwise not have been improperly misled and deceived as stated herein.

49.     A reasonable consumer would expect that when Defendant labels its products as "All Natural," the product's ingredients are "natural" as defined by the federal government and its agencies.  A reasonable consumer would also expect that when Defendant labels its products as "All Natural" the product ingredients are "natural" according to the common use of that word.  A reasonable consumer would, furthermore, expect that "All Natural" products do not contain added artificial ingredients.

50.     Consumers are thus misled into purchasing Defendant's Fruit Bars that are not "All Natural" as falsely represented on its labeling.

## PLAINTIFF AND FRUIT BARS

51.     Plaintiff cares about the nutritional content of food and seeks to maintain a healthy diet.

52.     During the Class Period, Plaintiff spent more than $25.00 on Fruit Bars.

53.     Plaintiff read and reasonably relied on the labels as described herein when buying Fruit Bars.  Plaintiff relied on Defendant's labeling and based and justified the decision to purchase Defendant's products, in substantial part, on these labels.

54.     At point of sale, Plaintiff did not know, and had no reason to know, the truth about Fruit Bars as described herein, and the fact Fruit Bars were misbranded as set forth herein. Plaintiff would not have bought the products had she known the truth about them.

55.     After Plaintiff learned that Defendant's Fruit Bars were falsely labeled, Plaintiff stopped purchasing them.

56.     As a result of Defendant's actions, Plaintiff and thousands of others in California and throughout the United States purchased Fruit Bars.

57.     Defendant's labeling as alleged herein is false and misleading and was designed to increase sales of the products at issue.  Defendant's misrepresentations are part of its systematic labeling practice and a reasonable person would attach importance to Defendant's misrepresentations in determining whether to buy Fruit Bars.

58.     A reasonable person would also attach importance to whether Defendant's products were "misbranded," *i.e.*, legally salable, and capable of legal possession, and to Defendant's representations about these issues in determining whether to purchase the products at issue. Plaintiff would not have purchased Defendant's products had she known she were not capable of being legally sold or held.

59.     Plaintiff had cheaper alternatives available and paid an unwarranted premium for Fruit Bars.

60.     The flavors of Fruit Bars sold by Defendant during the Class Period are essentially the same product as, except for flavor, including making the same "All Natural" statement, are misbranded in the same way (contain artificial colors or ingredients), misleading in the same way (not truly "all natural"), and violate the same regulations in the same manner as described herein.

**DEFENDANT HAS VIOLATED CALIFORNIA LAW**

61.     Defendant has violated California Health & Safety Code § 110390 which makes it unlawful to disseminate false or misleading food advertisements that include statements on products and product packaging or labeling or any other medium used to directly or indirectly induce the purchase of a food product.

62.     Defendant has violated California Health & Safety Code § 110395 which makes it unlawful to manufacture, sell, deliver, hold, sell or offer to sell any falsely advertised food.

63. Defendant has violated California Health & Safety Code §§ 110398 and 110400 which make it unlawful to advertise misbranded food or to deliver or proffer for delivery any food that has been falsely advertised.

64. Defendant has violated California Health & Safety Code § 110660 because its labeling is false and misleading in one or more ways, as follows:

a. Defendant's Fruit Bars are misbranded under California Health & Safety Code § 110665 because its labeling fails to conform to the requirements for nutrient labeling set forth in 21 U.S.C. § 343(q) and the regulations adopted thereto;

b. Defendant's Fruit Bars are misbranded under California Health & Safety Code § 110670 because its labeling fails to conform with the requirements for nutrient content and health claims set forth in 21 U.S.C. § 343(r) and the regulations adopted thereto; and

c. Defendant's Fruit Bars are misbranded under California Health & Safety Code § 110705 because words, statements and other information required by the Sherman Law to appear on its labeling either are missing or not sufficiently conspicuous.

65. Defendant has violated California Health & Safety Code § 110760 which makes it unlawful for any person to manufacture, advertise, distribute, hold, sell or offer for sale, any food that is misbranded.

66. Defendant has violated California Health & Safety Code § 110765 which makes it unlawful for any person to misbrand any food.

67. Defendant has violated California Health & Safety Code § 110770 which makes it unlawful for any person to receive in commerce any food that is misbranded or to deliver or proffer for deliver any such food.

## CLASS ACTION ALLEGATIONS

68. Plaintiff brings this action as a class action pursuant to Federal Rule of Procedure 23(b)(2) and 23(b)(3) on behalf of the following "class:"

All persons in the United States since May 4, 2008 who purchased Dreyer's and Edy's brand fruit bars with labels that state "All Natural" but contain beet juice extract (color), turmeric color, ascorbic acid, and/or citric acid.

69.    The following persons are expressly excluded from the class:  (1) Defendant and its subsidiaries and affiliates; (2) all persons who make a timely election to be excluded from the proposed class; (3) governmental entities; and (4) the Court to which this case is assigned and its staff.

70.    This action can be maintained as a class action because there is a well-defined community of interest in the litigation and the proposed class is easily ascertainable.

71.    Numerosity:  Based upon Defendant's publicly available sales data with respect to the misbranded products at issue, it is estimated that the class numbers in the thousands and that joinder of all class members is impracticable.

72.    Common Questions Predominate:  This action involves common questions of law and fact applicable to each class member that predominate over questions that affect only individual class members.  Thus, proof of a common set of facts will establish the right of each class member to recover.  Questions of law and fact common to each class member include, just for example:

    a.    Whether the Fruit Bars are misbranded under the Sherman Law;

    b.    Whether Defendants violated the Sherman Law;

    c.    Whether Defendant made unlawful and/or misleading claims with respect to its Fruit Bars sold to consumers;

    d.    Whether Defendant engaged in unlawful and misleading, unfair or deceptive business practices by failing to properly package and label its Fruit Bars sold to consumers;

    e.    Whether Defendant violated California Bus. & Prof. Code § 17200 *et seq.*, California Bus. & Prof. Code § 17500 *et seq.*, the Consumers Legal Remedies Act, Cal. Civ. Code §1750 *et seq.*, and the Sherman Law;

    f.    Whether Plaintiff and the class are entitled to equitable and/or injunctive relief; and

    g.    Whether Defendant's unlawful and misleading, unfair and/or deceptive practices harmed Plaintiff and the class.

73.    Typicality:  Plaintiff's claims are typical of the claims of the class because Plaintiff bought Defendant's Fruit Bars during the Class Period.  Defendant's unlawful, misleading, unfair and/or fraudulent actions concern the same business practices described herein irrespective of

where she occurred or were experienced.  Plaintiff and the class sustained similar injuries arising out of Defendant's conduct in violation of California law.  The injuries of each member of the class were caused directly by Defendant's wrongful conduct.  In addition, the factual underpinning of Defendant's misconduct is common to all class members and represents a common thread of misconduct resulting in injury to all members of the class.  Plaintiff's claims arise from the same practices and course of conduct that give rise to the claims of the class members and are based on the same legal theories.

74.    Adequacy:  Plaintiff will fairly and adequately protect the interests of the class.  Neither Plaintiff nor Plaintiff's Counsel have any interests that conflict with or are antagonistic to the interests of the class members.  Plaintiff has retained highly competent and experienced class action attorneys to represent their interests and those of the members of the class.  Plaintiff and Plaintiff's counsel have the necessary financial resources to adequately and vigorously litigate this class action, and Plaintiff and counsel are aware of their fiduciary responsibilities to the class members and will diligently discharge those duties by vigorously seeking the maximum possible recovery for the class.

75.    Superiority:  There is no plain, speedy or adequate remedy other than by maintenance of this class action.  The prosecution of individual remedies by members of the class will tend to establish inconsistent standards of conduct for Defendant and result in the impairment of class members' rights and the disposition of its interests through actions to which she were not parties.  Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of effort and expense that numerous individual actions would engender.  Further, as the damages suffered by individual members of the class may be relatively small, the expense and burden of individual litigation would make it difficult or impossible for individual members of the class to redress the wrongs done to them, while an important public interest will be served by addressing the matter as a class action.  Class treatment of common questions of law and fact would also be superior to multiple individual actions or piecemeal litigation in that class

treatment will conserve the resources of the Court and the litigants, and will promote consistency and efficiency of adjudication.

76. The prerequisites to maintaining a class action for injunctive or equitable relief pursuant to Fed. R. Civ. P. 23(b)(2) are met as Defendant has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive or equitable relief with respect to the class as a whole.

77. The prerequisites to maintaining a class action pursuant to Fed. R. Civ. P. 23(b)(3) are met as questions of law or fact common to class members predominate over any questions affecting only individual members, and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

78. Plaintiff and Plaintiff's counsel are unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

**CAUSES OF ACTION**

**FIRST CAUSE OF ACTION**

**Business and Professions Code § 17200 *et seq*. - Unlawful Business Acts and Practices**

79. Plaintiff incorporates by reference each allegation set forth above.

80. Defendant's conduct constitutes unlawful business acts and practices.

81. Defendant sold Fruit Bars in California and the United States during the Class Period.

82. Defendant is a corporation and, therefore, is a "person" within the meaning of the Sherman Law.

83. Defendant's business practices are unlawful under § 17200 *et seq.* by virtue of Defendant's violations of the advertising provisions of Article 3 of the Sherman Law and the misbranded food provisions of Article 6 of the Sherman Law.

84. Defendant's business practices are unlawful under § 17200 *et seq.* by virtue of Defendant's violations of § 17500 *et seq.*, which forbids untrue and misleading advertising.

85.     Defendant's business practices are unlawful under § 17200 *et seq.* by virtue of Defendant's violations of the Consumers Legal Remedies Act, Cal. Civ. Code § 1750 *et seq.*

86.     Defendant sold Plaintiff and the class Fruit Bars that were not capable of being sold or held legally and which were legally worthless.

87.     As a result of Defendant's illegal business practices, Plaintiff and the class, pursuant to Business and Professions Code § 17203, are entitled to an order enjoining such future conduct and such other orders and judgments which may be necessary to disgorge Defendant's ill-gotten gains and to restore to any class member any money paid for Fruit Bars.

88.     Defendant's unlawful business acts present a threat and reasonable continued likelihood of injury to Plaintiff and the class.  Plaintiff and the class paid a premium price for Fruit Bars.

89.     As a result of Defendant's conduct, Plaintiff and the class, pursuant to Business and Professions Code § 17203, are entitled to an order enjoining such future conduct by Defendant, and such other orders and judgments which may be necessary to disgorge Defendant's ill-gotten gains and restore any money paid for Defendant's Fruit Bars by Plaintiff and the class.

## SECOND CAUSE OF ACTION

### Business and Professions Code § 17200 *et seq.* - Unfair Business Acts and Practices

90.     Plaintiff incorporates by reference each allegation set forth above.

91.     Defendant's conduct as set forth herein constitutes unfair business acts and practices.

92.     Defendant sold Fruit Bars in California and the United States during the Class Period.

93.     Plaintiff and members of the class suffered a substantial injury by virtue of buying Defendant's Fruit Bars that she would not have purchased absent Defendant's illegal conduct.

94.     Defendant's deceptive marketing, advertising, packaging and labeling of its Fruit Bars and its sale of unsalable misbranded products that were illegal to possess was of no benefit to consumers, and the harm to consumers and competition is substantial.

95.     Defendant sold Plaintiff and the Fruit Bars that were not capable of being legally sold or held and that were legally worthless.

96.     Plaintiff and the class who purchased Defendant's Fruit Bars had no way of reasonably knowing that the products were misbranded and were not properly marketed, advertised, packaged and labeled, and thus could not have reasonably avoided the injury each of them suffered.

97.     The consequences of Defendant's conduct as set forth herein outweigh any justification, motive or reason therefore. Defendant's conduct is and continues to be immoral, unethical, unscrupulous, contrary to public policy, and is substantially injurious to Plaintiff and the class. Plaintiff and the class paid a premium price for Fruit Bars.

98.     As a result of Defendant's conduct, Plaintiff and the class, pursuant to Business and Professions Code § 17203, are entitled to an order enjoining such future conduct by Defendant, and such other orders and judgments which may be necessary to disgorge Defendant's ill-gotten gains and restore any money paid for Defendant's Fruit Bars by Plaintiff and the class.

### THIRD CAUSE OF ACTION

**Business and Professions Code § 17200 *et seq*. - Fraudulent Business Acts and Practices**

99.     Plaintiff incorporates by reference each allegation set forth above.

100.    Defendant's conduct as set forth herein constitutes fraudulent business practices under California Business and Professions Code sections § 17200 *et seq.*

101.    Defendant sold Fruit Bars in California and the United States during the Class Period.

102.    Defendant's misleading marketing, advertising, packaging and labeling of Fruit Bars and misrepresentation that the products were salable, capable of possession and not misbranded were likely to deceive reasonable consumers, and in fact, Plaintiff and members of the class were deceived. Defendant has engaged in fraudulent business acts and practices.

103.    Defendant's fraud and deception caused Plaintiff and the class to purchase Defendant's Fruit Bars that she would otherwise not have purchased had she known the true

nature of those products.

104.    Defendant sold Plaintiff and the class Fruit Bars that were not capable of being sold or held legally and that were legally worthless. Plaintiff and the class paid a premium price for the Fruit Bars.

105.    As a result of Defendant's conduct as set forth herein, Plaintiff and the class, pursuant to Business and Professions Code § 17203, are entitled to an order enjoining such future conduct by Defendant, and such other orders and judgments which may be necessary to disgorge Defendant's ill-gotten gains and restore any money paid for Defendant's Fruit Bars by Plaintiff and the class.

## FOURTH CAUSE OF ACTION

**Business and Professions Code § 17500 *et seq*. - Misleading and Deceptive Advertising**

106.    Plaintiff incorporates by reference each allegation set forth above.

107.    Plaintiff asserts this cause of action for violations of California Business and Professions Code § 17500 *et seq.* for misleading and deceptive advertising against Defendant.

108.    Defendant sold Fruit Bars in California and the United States during the Class Period.

109.    Defendant engaged in a scheme of offering Defendant's Fruit Bars for sale to Plaintiff and members of the class by way of, *inter alia*, product packaging and labeling, and other promotional materials. These materials misrepresented and/or omitted the true contents and nature of Defendant's Fruit Bars. Defendant's advertisements and inducements were made within California and come within the definition of advertising as contained in Business and Professions Code §17500 *et seq.* in that such product packaging and labeling, and promotional materials were intended as inducements to purchase Defendant's Fruit Bars and are statements disseminated by Defendant to Plaintiff and the class that were intended to reach members of the class. Defendant knew, or in the exercise of reasonable care should have known, that these statements were misleading and deceptive as set forth herein.

110.    In furtherance of its plan and scheme, Defendant prepared and distributed within

California and nationwide via product packaging and labeling, and other promotional materials, statements that misleadingly and deceptively represented the composition and the nature of Defendant's Fruit Bars.  Plaintiff and the class necessarily and reasonably relied on Defendant's materials, and were the intended targets of such representations.

111.    Defendant's conduct in disseminating misleading and deceptive statements in California and nationwide to Plaintiff and the class was and is likely to deceive reasonable consumers by obfuscating the true composition and nature of Defendant's Fruit Bars in violation of the "misleading prong" of California Business and Professions Code § 17500 *et seq.*

112.    As a result of Defendant's violations of the "misleading prong" of California Business and Professions Code § 17500 *et seq.*, Defendant has been unjustly enriched at the expense of Plaintiff and the class.  Misbranded products cannot be legally sold or held and are legally worthless.  Plaintiff and the class paid a premium price for the Fruit Bars.

113.    Plaintiff and the class, pursuant to Business and Professions Code § 17535, are entitled to an order enjoining such future conduct by Defendant, and such other orders and judgments which may be necessary to disgorge Defendant's ill-gotten gains and restore any money paid for Defendant's Fruit Bars by Plaintiff and the class.

## FIFTH CAUSE OF ACTION

### Business and Professions Code § 17500 *et seq*. - Untrue Advertising

114.    Plaintiff incorporates by reference each allegation set forth above.

115.    Plaintiff asserts this cause of action against Defendant for violations of California Business and Professions Code § 17500 *et seq.*, regarding untrue advertising.

116.    Defendant sold Fruit Bars in California and the United States during the Class Period.

117.    Defendant engaged in a scheme of offering Defendant's Fruit Bars for sale to Plaintiff and the class by way of product packaging and labeling, and other promotional materials. These materials misrepresented and/or omitted the true contents and nature of Defendant's Fruit Bars.  Defendant's advertisements and inducements were made in California and come within the

definition of advertising as contained in Business and Professions Code §17500 *et seq.* in that the product packaging and labeling, and promotional materials were intended as inducements to purchase Defendant's Fruit Bars, and are statements disseminated by Defendant to Plaintiff and the class. Defendant knew, or in the exercise of reasonable care should have known, that these statements were untrue.

118. In furtherance of its plan and scheme, Defendant prepared and distributed in California and nationwide via product packaging and labeling, and other promotional materials, statements that falsely advertise the composition of Defendant's Fruit Bars, and falsely misrepresented the nature of those products. Plaintiff and the class were the intended targets of such representations and would reasonably be deceived by Defendant's materials.

119. Defendant's conduct in disseminating untrue advertising throughout California deceived Plaintiff and members of the class by obfuscating the contents, nature and quality of Defendant's Fruit Bars in violation of the "untrue prong" of California Business and Professions Code § 17500.

120. As a result of Defendant's violations of the "untrue prong" of California Business and Professions Code § 17500 *et seq.*, Defendant has been unjustly enriched at the expense of Plaintiff and the class. Misbranded products cannot be legally sold or held and are legally worthless. Plaintiff and the class paid a premium price for the Fruit Bars.

121. Plaintiff and the class, pursuant to Business and Professions Code § 17535, are entitled to an order enjoining such future conduct by Defendant, and such other orders and judgments which may be necessary to disgorge Defendant's ill-gotten gains and restore any money paid for Defendant's Fruit Bars by Plaintiff and the class.

### SIXTH CAUSE OF ACTION

### Consumers Legal Remedies Act, Cal. Civ. Code § 1750 *et seq.*

122. Plaintiff incorporates by reference each allegation set forth above.

123. This cause of action is brought pursuant to the CLRA. Defendant's violations of the CLRA were and are willful, oppressive and fraudulent, thus supporting an award of punitive

damages.

124.    Plaintiff and the class are entitled to actual and punitive damages against Defendant for its violations of the CLRA. In addition, pursuant to Cal. Civ. Code § 1782(a)(2), Plaintiff and the class are entitled to an order enjoining the above-described acts and practices, providing restitution to Plaintiff and the class, ordering payment of costs and attorney's fees, and any other relief deemed appropriate and proper by the Court pursuant to Cal. Civ. Code § 1780.

125.    Defendant's actions, representations and conduct have violated, and continue to violate the CLRA, because she extend to transactions that are intended to result, or which have resulted, in the sale of goods or services to consumers.

126.    Defendant sold Fruit Bars in California and in the United States during the Class Period.

127.    Plaintiff and members of the class are "consumers" as that term is defined by the CLRA in Cal. Civ. Code §1761(d).

128.    Defendant's Fruit Bars were and are "goods" within the meaning of Cal. Civ. Code §1761(a).

129.    By engaging in the conduct set forth herein, Defendant violated and continues to violate Section 1770(a)(5), of the CLRA, because Defendant's conduct constitutes unfair methods of competition and unfair or fraudulent acts or practices, in that it misrepresents the particular ingredients, characteristics, uses, benefits and quantities of the goods.

130.    By engaging in the conduct set forth herein, Defendant violated and continues to violate Section 1770(a)(7) of the CLRA, because Defendant's conduct constitutes unfair methods of competition and unfair or fraudulent acts or practices, in that Defendant misrepresents the particular standard, quality or grade of the goods.

131.    By engaging in the conduct set forth herein, Defendant violated and continues to violate Section 1770(a)(9) of the CLRA, because Defendant's conduct constitutes unfair methods of competition and unfair or fraudulent acts or practices, in that Defendant advertises goods with the intent not to sell the goods as advertised.

1

2      132.    By engaging in the conduct set forth herein, Defendant violated and continues to

3  violate Section 1770(a)(16) of the CLRA, because Defendant's conduct constitutes unfair

4  methods of competition and unfair or fraudulent acts or practices, in that Defendant represents

5  that a subject of a transaction has been supplied in accordance with a previous representation

6  when she have not.

       133.    Plaintiff requests that the Court enjoin Defendant from continuing to employ the

7  unlawful methods, acts and practices alleged herein pursuant to Cal. Civ. Code § 1780(a)(2). If

8  Defendant is not restrained from engaging in these practices in the future, Plaintiff and the class

9  will continue to suffer harm.

10     134.    Pursuant to Section 1782(a) of the CLRA, on June 25, 2012, Plaintiff's counsel

11  served Defendant with notice of Defendant's violations of the CLRA.  As authorized by

12  Defendant's counsel, Plaintiff's counsel served Defendant by certified mail, return receipt

13  requested. Defendant has not responded.

14     135.    Plaintiff makes certain claims in this complaint that were not included in the

15  original complaint filed on May 4, 2012, and were not included in Plaintiff's CLRA demand

16  notice.

17     136.    This cause of action does not currently seek monetary relief and is limited solely to

18  injunctive relief, as to Defendant's violations of the CLRA not included in the original

19  Complaint. Plaintiff intends to amend this to seek monetary relief in accordance with the CLRA

20  after providing Defendant with notice of Plaintiff's new claims pursuant to Cal. Civ. Code §

21  1782.

22     137.    At the time of any amendment seeking damages under the CLRA, Plaintiff will

23  demonstrate that the violations of the CLRA by Defendant were willful, oppressive and

24  fraudulent, thus supporting an award of punitive damages.

25     138.    Consequently, Plaintiff and the class will be entitled to actual and punitive

26  damages against Defendant for its violations of the CLRA. In addition, pursuant to Cal. Civ. Code

27  § 1782(a)(2), Plaintiff and the class will be entitled to an order enjoining the above described acts

28

and practices, providing restitution to Plaintiff and the class, ordering payment of costs and attorney's fees, and any other relief deemed appropriate and proper by the Court pursuant to Cal. Civ. Code § 1780.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury of her claims.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, and on behalf of the general public, prays for judgment against Defendant as follows:

A.     For an order certifying this case as a class action and appointing Plaintiff and her counsel to represent the class;

B.     For an order awarding, as appropriate, damages, restitution or disgorgement to Plaintiff and the class for all causes of action;

C.     For an order requiring Defendant to immediately cease and desist from selling its Fruit Bars listed in violation of law; enjoining Defendant from continuing to market, advertise, distribute, and sell these products in the unlawful manner described herein; and ordering Defendant to engage in corrective action;

D.     For all equitable remedies available pursuant to Cal. Civ. Code § 1780;

E.     For an order awarding attorney's fees and costs;

F.     For an order awarding punitive damages;

G.     For an order awarding pre-and post-judgment interest; and

H.     For an order providing such further relief as this Court deems proper.

1

Dated:  January 17, 2014.

2
Respectfully submitted,

3

4
*Pierce Gore*
Ben F. Pierce Gore (SBN 128515)
PRATT & ASSOCIATES
5
1871 The Alameda, Suite 425
San Jose, CA 95126
6
(408) 429-6506
pgore@prattattorneys.com

7

Charles Barrett
8
CHARLES BARRETT, P.C.
6518 Hwy. 100, Suite 210
9
Nashville, TN 37205
(615) 515-3393
10
charles@cfbfirm.com

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT                                                          24